## Hodgkin v. Martin et al.

(Decided Feb. 18, 1936.)

BENTON & DAVIS for appellant.

V. W. BUSH for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Callie Gay Hodgkin, on October 1, 1935, by a written contract purchased of James Willis Martin and other joint owners, at the price of $8,000, certain land situated in Clark county, Ky. The owners of the land in accordance with the contract tendered her a deed, signed and properly acknowledged by the grantors, containing a covenant of general warranty, conveying to her the title to the land in fee simple, and demanded the payment of the agreed purchase price. She refused to accept the deed and to pay for the land in accordance with the contract, claiming that James Willis Martin and Virginia Martin Pitman, formerly Virginia Martin, the wife of John Frances Pitman, had derived title to the land under the deed of J. M. Hodgkin as trustee and executor of the will of James R. Martin, deceased; that James R. Martin, at the time of his death, was the owner in fee of the land and left a will which had been duly probated in the county of his residence, devising the land in trust to William H. Hodgkin and J. M. Hodgkin as trustees and executors to be held by them for the benefit of James Willis Martin and Virginia Martin Pitman, a son and daughter of the testator, with full power in them to convey in their discretion the land at any time after the arrival of James Willis Martin and Virginia Martin at the age of twen-

ty-five. William H. Hodgkin, named in the will as one of the trustees and executors, predeceased the testator and upon the death of the testator, J. M. Hodgkin, one of the trustees and executors named in the will was permitted by the county court to qualify as sole trustee and executor of the will and thereafter continuously acted as such. James Willis Martin and Virginia Martin Pitman were over twenty-five years of age on the 1st day of October, 1934, at the time of J. M. Hodgkin, as sole trustee and executor, executed and delivered them a deed to the land embraced in the written contract between her and the grantors in the deed tendered to her. She then insisted and now contends that J. M. Hodgkin though appointed and qualified as trustee and executor of the will of J. R. Martin the county court was without authority to appoint and qualify him and he was without authority to sell and convey the land as empowered and directed by J. R. Martin's will, and, therefore, the deed tendered her was invalid. The circuit court decreed that J. M. Hodgkin, as sole trustee and executor of the will of J. R. Martin, was, by the will, clothed with the authority to convey the land to James Willis Martin and Virginia Martin Pitman, and that under his deed as trustee and executor, they were the owners of the land in fee simple, and the deed signed by them and wife and husband, and tendered to Callie Gay Hodgkin vested in her a title in fee simple to the land therein described. It decreed that if she continued to fail or refuse to accept the deed, the master commissioner should sell the land to pay the purchase price as per the terms of her and their contract. Appealing, she is insisting that the sole question to be determined is whether the deed tendered vests her with a fee-simple title to the land.

A disposition of this question requires a review of the will of J. R. Martin. Its second clause appointed John M. Hodgkin and William H. Hodgkin trustees and executors to dispose of the testator's estate. Clause 3 directed them at his death to take charge of his estate, real, personal, and mixed, manage and conduct the trust created by the will, with full power to sell and convey any and all of it, and invest and re-invest the proceeds of the estate as they "may deem fit" for the benefit of the trust therein created. He dircted by clause 8 that after the payment of certain specific leg-

acies, his "trustees and executors" shall hold the balance in two separate trusts—one-half for James Willis Martin and one-half for Virginia Martin—paying them annually so much of the income as the trustees and executors "may deem fit" and the corpus of the estate to be paid them at any time in the discretion of the trustees and executors after James Willis Martin and Virginia Martin arrive at the age of 25. He further provided that if the trustees and executors for any reason or their substitute, which he reserved in his will the right to name, failed to accept the appointment or serve, "then the court of record having jurisdiction over such matters shall appoint a successor who shall be some bank or trust company having a paid-up capital of at least $100,000.00."

Callie Gay Hodgkin insists that the will having named two trustees and executors to whom were given the power conferred upon them jointly by the will to be exercised in their discretion, the county court should not have permitted John M. Hodgkin to qualify, and though having qualified, he cannot alone exercise the power conferred by the will upon the trustees and executors nominated therein; and that, therefore, the exercising of such power by one of the named trustees and executors was void and his deed passed no title to James Willis Martin and Virginia Martin Pitman.

To sustain this statement she cites to us Barker v. Barker, 73 N. H. 353, 62 A. 166, 1 L. R. A. (N. S.) 802, 6 Ann. Cas. 596, and 65 C. J. 589 et seq. and page 591. This authority and case deal with the removal of trustees, the change by a court of equity of the number of trustees. They shed no light on the question at issue.

Section 3888, Kentucky Statutes, governs the situations presented. It reads:

"The executors, or such of them as shall undertake the execution of the will, or if all or more than one undertake, and part die, or vacate the office, the residue or survivor may sell and convey the land which the will directs or devises to the executor or to another person to be sold, or gives a discretionary power to sell, if no other person be thereby appointed for that purpose, or if the person so appointed shall refuse to perform the trust, or die before he shall have completed it."

This section is the language of section **9, c. 37, art. 1**, Revised Statutes of Kentucky, 1852 Ed.

In Wells et al. v. Lewis et al., 4 Metc. 269, the testator designated in his will James L. Thompson and Sanford Thompson as executors, both of whom qualified in the Clark county court. James L. Thompson left Kentucky and ceased to act as executor and continued to reside out of the state. The other executor, Sanford Thompson, continued to act as executor and assumed the authority over the land as the executors were directed by the will. Later, he, "as one of the executors," executed a deed, purporting to convey certain interest in the land, embraced in the will; notes were executed therefor by the purchaser, on which suit was subsequently brought for a judgment for the amount thereof and for a sale of the land to satisfy the same. The maker of the notes answered that he obtained no title to the land by the deed of James L. Thompson as one of the executors, and therefore, the notes were without consideration. The trial court entered a personal judgment against the maker for the amount of the notes. Of this, we said:

> "In our opinion, J. L. Thompson's deed passed no title to the land. Whether or not, by ceasing to act, and by residing out of the State, he [Sanford Thompson] had vacated his office as executor, we need not decide. If he had vacated the office, the power to sell devolved on the other executor. * * * If he had not vacated it, the power was joint, and both executors should have signed the deed. (Halbert v. Grant, 4 T. B. Mon. [580] 582.) The notes given by the appellants were, therefore, without consideration."

The fact that William H. Hodgkin predeceased the testator and he thereafter failed by a codicil to his will to nominate a trustee and executor in his room and stead to act with John M. Hodgkin, plainly brings the case within the language of the statute, "if the person so appointed shall refuse to perform the trust, or die before he shall have completed it," the one qualifying may exercise power conferred upon them jointly. John M. Hodgkin, who qualified and undertook to execute the will, in the circumstances, had the power to sell and convey the land as the will directed.

Wherefore, the judgment is affirmed.